## JUDGE KOCORAS
## MAG. JUDGE ASHMAN

NOV 1 3 2007 *aew*
13
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| 𝖀nited 𝖘tates �installiststrict 𝖈ourt | District Northern District of Illinois | |
|---|---|---|
| Name of Movant  Edward Lee Jackson, Jr. | Prisoner No.  07546-424 | Case No.  96CR815-1 |
| Place of Confinement  Federal Correctional Institution, P.O. Box 1000, Cumberland, MD 21501-1000 | | |

| UNITED STATES OF AMERICA | V. | EDWARD LEE JACKSON, JR, ET AL. |
|---|---|---|
| | | (name under which convicted) |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack ___United States District Court, Northern District of Illinois, Chicago, IL.___

2. Date of judgment of conviction ___October 18, 2001___

3. Length of sentence ___1,380 months___

4. Nature of offense involved (all counts) ___Conspiracy to violate the Hobbs Act (18 USC § 1951(a)); Violation of Hobbs Act (18 USC § 1951(a)); Use of Firearm (18 USC § 924(c)); Conspiracy to Distribut Controlled Substance (21 USC § 846); Possession of Controlled Substance With Intent to Distribute (21 USC § 841); RICO Violations (18 USC § 1961, et seq.).___

5. What was your plea? (Check one)
   (a) Not guilty    ☒
   (b) Guilty    ☐
   (c) Nolo contendere    ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   ___N/A___
   _____
   _____
   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury    ☒
   (b) Judge only    ☐

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court___ U.S. Court of Appeals for the Seventh Circuit

   (b) Result ___ Conviction and Sentence Affirmed

   (c) Date of result ___ April 9, 2004

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court ___ United States Supreme Court

        (2) Nature of proceeding ___ Petition for Writ of Certiorari

        (3) Grounds raised___ Government failed to prove nexus to interstate commerce; evidence was insufficient to support conviction on weapons violations; evidence was insufficient to support conviction for drug conspiracy & distribution offenses; sentence imposed in violation of Sixth Amendment, as interpreted in U.S. v. Booker.

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐ No ☒

        (5) Result___ Certiorari granted, case remanded for reconsideration of sentence in light of Booker.

        (6) Date of result ___ January 24, 2005

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court ___ United States Supreme Court

        (2) Nature of proceeding ___ Petition for Writ of Certiorari

        (3) Grounds raised___ Sentence imposed in violation of Booker.

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result _____ Certiorari denied._____

(6) Date of result _____ October 2, 2006 _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes ☒ No ☐
(2) Second petition, etc.    Yes ☒ No ☐      (See the attached page (7) for explanation.)

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A.  Ground one:  CONVICTION WAS OBTAINED IN VIOLATION OF PETITIONER'S RIGHT
TO DUE PROCESS OF LAW, U.S. CONSTITUTION AMENDMENT V.

Supporting FACTS (state *briefly* without citing cases or law)
(See attached page (7) for explication/explanation.)

B.  Ground two:  CONVICTION WAS OBTAINED IN VIOLATION OF PETITIONER'S RIGHT
TO A FAIR TRIAL, U.S. CONSTITUTION AMENDMENT VI.

Supporting FACTS (state *briefly* without citing cases or law):
(See attached page (7) for explication/explanation.)

C.  Ground three:  PETITIONER WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL
AT TRIAL, IN VIOLATION OF U.S CONSTITUTION AMENDMENT VI.

Supporting FACTS (state *briefly* without citing cases or law):
(See attached page (8) forexplication/explanation.)

AO 243 (Rev. 5/85)

D.  Ground four:  __PETITIONER WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL__

__ON DIRECT APPEAL, IN VIOLATION OF U.S. CONSTITUTION  AMENDMENT VI.__

Supporting FACTS (state *briefly* without citing cases or law): _____

__(See attached page (8) for explication/explanation.)__

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

Ground one was not previously presented because the basis of the claim(s) was only

recently discovered. Grounds three and four  were not previously presented because

of the general rule that ineffective assitance claims should be made in collateral

attack.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing __Joan Hill McClain, Esq.__

(b) At arraignment and plea __Joan Hill McClain, Esq.__

(c) At trial __Joan Hill McClain, Esq.__

(d) At sentencing __Kent R. Carlson, Esq., 55 W. Jackson Blvd., Ste. 1544,__
__Chicago, IL 60604__

AO 243 (Rev. 5/85)

(e) On appeal_____  Kent R. Carlson, Esq.

(f) In any post-conviction proceeding ____ N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding ____ N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____
       N/A

   (b) Give date and length of the above sentence: ____ N/A

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐ No ☐     N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_28 Sept 07_
(date)

_Edward Lee Jackson_
Signature of Movant

Edward Lee Jackson, Jr.
Motion Under 28 USC § 2255 (cont'd)

11. (c)    On remand following the grant of certiorari, the district court decided
           it would have imposed the same sentence even if the Sentencing Guidelines
           were not mandatory.  I appealed that decision to the Seventh Circuit Court
           of Appeals; the appeal was denied.

           Following the denial of my second Petition for Writ of Certiorari, I
           petitioned the Supreme Court for rehearing and requested Justice Stevens
           to suspend the "Order of Denial" pending a decision as to rehearing.
           The petition for rehearing was denied on November 13, 2006.  My request
           for suspension of the Order denying certiorari was returned to me by the
           Court Clerk on November 15, 2006.

12.  A.    Ground One/Supporting Facts:  (cont'd from page (4))

           Testimony of government witnesses at trial established that the investiga-
           tion leading to Petitioner's arrest and conviction was initiated on a
           specific date.  Governments records recently disclosed to Petitioner indi-
           cate that the investigation actually began much earlier than represented
           at trial. The recently disclosed record reasonably supports Petitioner's
           belief that material evidence (including additional records of interviews/
           deals with informants/witnesses) was withheld from the defense  in violation
           of Brady v. Maryland, and provides a basis for concluding that, given an
           opportunity to develop all the relevant facts, Petitioner may be able to
           demonstrate entitlement to vacature of his conviction.

           Petitioner notes that his ability to present facts in support of "Ground
           One claim(s)" has also been prohibited by lack of access to case records
           over which he has not control.

           For the foregoing reasons, Petitioner requests the Court to regard the
           instant motion as a "placeholder," to be amended by Petitioner after
           reasonable opportunity to review records and discover facts.

     B.    Ground Two/Supporting Facts:  (cont'd from page (4))

           The trial court prevented the defense from cross-examining informants and
           police officers whose statements inculpating Petitioner were admitted at
           trial, a violation of the Sixth Amendment's Confrontation Clause.  The
           trial judge also prevented the jury from hearing evidence/facts surrounding
           dismissal dismissal of a Count in the indictment, which could have been
           used to impeach Government's case against Petitioner.

           Petitioner notes that his aility to present additional facts in support
           of "Ground Two claim(s)" has been prohibited by lack of access to case
           which have been withheld from him by former counsel.  For that reason,
           Petitioner requests the Court to regard the instant motion as a "placeholder,"
           to be amended after Petitioner    is afforded a reasonable opportunity to
           review the record.

Edward Lee Jackson, Jr.
§ 2255 motion  (cont'd)


12.   C.     Ground Three/Supporting Facts:

             Trial counsel labored under a conflict of interest which was brought to
             the court's attention but was not handled by waiver hearing.  Counsel
             failed to object to the exclusion of key witnesses from testifying at
             trial.  Trial Counsel failed to object to introduction in evidence of
             various audio and video tapes which were either shown to be false or
             were admitted in the absence of any opportunity to cross-examine actual
             particcipants.  Counsel failed to withdraw from the case even though she
             knew she was not providing adequate representation; that is, counsel was
             under medication and admitted it was affecting her adversely during trial.
             Counsel failed to make a full and complete investigation into the facts
             of the case.

             Petitioner notes that his ability to present additional facts in support
             of "Ground Three claim(s)" has been prohibited by lack of access to case
             records which have been withheld from him by former counsel.  For that
             reason, Petitioner requests the Court to regard the instant motion as a
             "placeholder," to be amended after Petitioner is afforded a reasonable
             opportunity to review the record.


      D.     Ground Four/Supporting Facts:

             Appellate counsel failed to raise issue of Confrontation Clause violations,
             though such violation were obvious and Petitioner repeatedly asked counsel
             to do so.  Counsel refused to argue other meritorious issues which would
             have caused a different outcome in the case on appeal.