UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JAN 2 8 2008
Jan 28 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

EDWARD LEE JACKSON, JR.,           )
                                   )
          Petitioner-Defendant,    )
                                   )
     -vs-                          )   Civil No. 1:07-cv-06409
                                   )   Crim. No.  96-cr-815-1
UNITED STATES OF AMERICA,          )   Judge Charles P. Kocoras
                                   )
          Respondent-Plaintiff.    )

MOTION FOR JUDGMENT AND SANCTIONS AGAINST THE UNITED STATES
FOR FAILURE TO FILE A RESPONSE TO MOTION TO VACATE SENTENCE
WITHIN TIME SET BY COURT ORDER

   COMES NOW the Petitioner, Edward Lee Jackson, Jr., pro se, and, invoking the rule of Haines v. Kerner, 404 US 519 (1972) (i.e., pro se pleadings must be afforded liberal construction), hereby requests this Honorable Court to enter an order adjudging the United States in default and imposing sanctions - including but not limited to entry of disposition on the merits without consideration of any untimely pleading that Respndent may file and the forfeiture/waiver of all procedural defenses - for its failure to file a response to Petitioner's motion to vacate sentence, or move for an enlargement of time in which to do so, on or before January 7, 2008, as directed in the Court's order of December 6, 2007. In support of granting the relief requested herein, Petitioner refers the Court to the points and authorities set forth below.

## Statements of Facts

1. This case is before the Court on a pro se motion to vacate, set aside or correct sentence, filed by Petitioner, pursuant to 28 U.S.C. § 2255.

2. By order of this Court entered December 6, 2007, the United States Attorney ("USA"), counsel for Respondent, was given until January 7, 2008, to answer or otherwise respond to the § 2255 motion.

3. The USA failed to answer or respond to Petitioner's § 2255 motion within the time prescribed in the aforementioned order.

4. The USA also failed to file and serve a motion requesting the Court to grant an enlargement of time in which to answer Petitioner's § 2255 motion, as required by rule, before expiration of deadline set in the Court's order.

Additional material facts may be set forth in the sections which follow.

## Relevant Authority

The Federal Rules of Civil Procedure ("FRCvP") are made applicable to motions attacking sentence and habeas corpus petitions by FRCvP 81(a)(2). See also Rule 12 of the Rules Governing Section 2255 Proceedings For the United States Distirct Courts ("Rules Gov. § 2255"). Under these rules a district court has authority to impose sanctions upon a party in a habeas/collateral attack

for failure to comply with an order to file a response to a petition or motion. In the Seventh Circuit, the sanction "ordinarily" deemed appropriate in such cases is for the court to proceed to the merits of the petition or motion, in effect ruling the right to respond/oppose forfeited or waived. Faust v. Anderson, 52 FSupp2d 930, 933 (NDInd 1999), quoting Bleitner v. Welborn, 15 F3d 652 (7th Cir. 1994). See also, Wilkerson v. Jones, 211 FSupp2d 856 (EDMich 2002) (denying motion for enlargement of response time and proceeding to consideration of the merits of habeas petition where respondent failed to answer the petition's claims, or move for enlargement, within time set by court order); Falconer v. Lane, 905 F2d 1129, 1135 (7th Cir 1990) ("Waiver is not an obstacle reserved for habeas petitioners alone").

## Conclusion

Because the application of forfeiture/waiver doctrines – just as strictly against the States and federal government as against habeas corpus petitioners – is necessary to promote orderly procedure, and is "in keeping with the equitable imperative to treat litigants on both sides of a lawsuit the same, this Court should grant the instant motion and proceed to disposition of Petitioner's motion to vacate sentence as if the United States has waived its right to oppose same.

                                              Respectfully submitted,

January 17, 2008

                                              Edward Lee Jackson, Jr.
                                              Reg. No. 07546-424
                                              Federal Correctional Institution
                                              P.O. Box 1000
                                              Cumberland, MD 21501-1000

## Certificate Of Service

    I hereby certify that on this 17th day of January, 2008, I caused a true copy of the foregoing motion to be served on the attorney for the Respondent by delivering same to prison authorities for mailing with first class postage prepaid and addressed to:

    United States Attorney
    Northern District of Illinois
    Eastern Division
    219 South Dearborn Street
    Chicago, IL 60604

                                              Edward Lee Jackson, Jr.