MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

FEB 0 7 2008
2-7-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA, )
)
    Respondent-Plaintiff, )
)
-vs- ) Civil No. 1:07-cv-06409
) Crim. No.  96-cr-815-1
EDWARD LEE JACKSON, JR., ) Judge Charles P. Kocoras
)
    Petitioner-Defendant. )

<u>NOTICE OF INTENT TO FILE DECLARATION IN SUPPORT OF MOTION
TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND REQUEST
FOR ENLARGEMENT OF TIME TO FILE ADDITIONAL PLEADINGS
PERTINENT TO PROCEEDINGS ON THE § 2255 MOTION</u>

    NOW COMES the Petitioner herein, Edward Lee Jackson, Jr., pro se, and hereby gives notice to the Court of his intent to file, on or before February 7, 2008, a "Declaration" in support of his motion to vacate sentence under 28 U.S.C. § 2255.  Also, Petitioner hereby requests the Court to grant him time, up to and including March 29, 2008, to file additional motions and pleadings which pertain to proceedings on a § 2255 motion.  Petitioner refers the Court to the following as reasons for giving notice, and in support of granting the request for time.

    1.  Presently pending before this Honorable Court is a motion filed by Petitioner prusuant to 28 U.S.C. § 2255.  Said motion presents four (4) discrete grounds upon which it is alleged § 2255 relief should be granted in this case.  Said § 2255 motion

also requests the Court to "regard [it] as a placeholder, to be amended" to include additional supporting facts and/or legal theories. Petitioner's § 2255 motion at 7-8.

2. The "placeholder" request was based upon the fact that Petitioner's ability to assert grounds and adduce facts entitling him to § 2255 relief has been prohibited by the Government's withholding of Brady material, and a "lack of access to case records which have been withheld from [Petitioner] by former counsel" Id.

3. Prior to filing the pending § 2255 motion, Petitioner twice requested the Court to enter an order providing for his access to the records of his case in order to prepare and present an effective and meaningful collateral attack. The first such motion was denied by the Court, without prejudice, by order dated December 11, 2006. The second request for access to transcripts and other case records, filed by Petitioner on or about January 29, 2007, has yet to be decided by the Court, despite its being responded to by the Government and supplemented by Petitioner.

4. By order dated December 6, 2007, the Court gave the United states until January 7, 2008, to respond to the pending § 2255 motion. The order also directed Petitioner to reply to the Government's "response" by February 7, 2008.

5. The United States failed to respond to the §2255 motion within the time set by the Court. Nevertheless, Petitioner intends to file a declaration on or before February 7, 2008, the purpose

of which is to flesh-out the bare-bones § 2255 motion with supporting facts to the fullest extent presently possible, rather than to address the specifics of a Government response.

6. However, Petitioner wishes to file additional motions and pleadings which he believes essential to a full and fair collateral review of his conviction and sentence. These will likely include: a motion to stay further proceedings on the § 2255 motion pending a decision by the Court regarding the aforementioned request for access to the records of the case; a memorandum of law in support of the pending § 2255 motion; motions for leave to conduct discovery, for evidentiary hearing and for appointment of counsel; an amended motion to vacate under 28 U.S.C. § 2255.

7. Petitioner cannot file all, or even most, of the motions/pleadings noted above before the current February 7, 2008 deadline because:

> (a) Petitioner is a prisoner. Petitioner has only a limited knowledge of post-conviction law and no previous experience as a pro se litigant.
>
> (b) Petitioner depends on the assistance of fellow prisoners to prepare his motions and pleadings for judicial relief. Such assistance is not available on demand but is contingent upon the workload and convenience of those who provide it.
>
> (c) Following receipt of the Court's December 6, 2007 order, Petitioner followed the advice of a current assistant-providing prison library clerk to await the Government's response to the § 2255 motion before filing further motions or pleadings.
>
> (d) Time and resources necessary for legal research and document preparation are limited by the circumstances

of prison life. Petitioner's regular access to the prison law library is limited to approximately two and one-half (2½) hours on weekday evenings, after completion daytime work assignements. It is not unusual for the regular law library operating schedule to be abreviated or canceled due to shakedowns, lockdowns and other exigencies.

(e) Petitioner is a poor typist. But even with the assistance of someone far more competent it could easily take a week to produce a document of as few as ten (10) pages, due to the small number of typewriters available for use (there are only five (5) reasonably functional machines in the law library to satisfy the needs of a population of over 1,200 inmates).

8. The United States will not be prejudiced by the Court granting Petitioner's request for time to file additional motions and pleadings.

9. Granting Petitioner's request for time will accord with First and Fifth Amendment guarantees of access to the courts and due process of law--i.e., right to a full, fair and meaningful opportunity to be heard in connection with claims of entitlement to judicial relief.

WHEREFORE, Petitioner prays the Court will grant his instant Request for Enlargement of Time to File Additional Pleadings Pertinent to Proceedings on the § 2255 Motion in this case, up to and including March 29, 2008; and grant such other and further relief to Petitioner as to the Court may seem just and fair.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Respectfully Submitted,

January 29, 2008

_____
Edward Lee Jackson, Jr.
Reg. No. 07546-424
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2008, I caused a true and correct copy of the foregoing to be served on the attorneys for the Respondent, by delivering same to prison officers for mailing with first-class postage prepaid and addressed to:

Brian Netols
Assistant U.S. Attorney
219 South Dearborn Street,
Fifth Floor
Chicago, Illinois 60604

_____
Edward Lee Jackson, Jr.