

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 1 9 2008
Feb 19, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

EDWARD LEE JACKSON, JR., )
      Petitioner-Defendant, )
  -vs- ) Civil No. 1:07-cv-06409
  ) Crim. No. 96-cr-815-1
UNITED STATES OF AMERICA, )
      Respondent-Plaintiff. )

MOTION TO ALTER OR AMEND JUDGMENT/ORDER

NOW COMES the Petitioner, Edward Lee Jackson, Jr., pro se, and respectfully moves this Court, pursuant to Federal Rule of Civil Procedure ("FRCvP") 59(e), to vacate, alter or amend its order entered January 28, 2008, granting the Government's Motion For Leave To File Instanter Response To Edward Lee Jackson's 2255 Petition, and directing Petitioner to reply to the Government's "Response" on or before February 29, 2008. In support of granting this motion Petitioner refers the Court to the points and authorities set forth below.

Relevant Facts

1. This case is before the Court on a pro se motion to vacate, set aside or correct sentence, filed by Petitioner pursuant to 28 U.S.C. § 2255.

2. By order of this Court entered December 6, 2007,

the United States Attorney ("USA"), counsel for Respondent, was given until January 7, 2008, to answer or otherwise respond to the § 2255 motion.

3. The USA failed to answer or respond to Petitioner's § 2255 motion within the time prescribed in the aforementioned order.

4. The USA also failed to file and serve a motion reqeusting the Court to grant an enlargement of time in which to answer Petitioner's § 2255 motion, as required by rule, before expiration of deadline set in the Court's order.

5. On January 17, 2008, Petitioner filed a Motion For Judgment And Sanctions Against The United States For Failure To File A Response To Motion To Vacate Sentence Withing Time Set By Court Order.

6. On January 22, 2008, the USA filed a Motion For Leave To File <u>Instanter</u> Response to Edward Lee Jackson's 2255 Petition. As grounds for granting the relief requested the motion states, "undersigned ausa was ill and out of the office for an extended period of time, including the two holiday weeks, and was unable to prepare [the court ordered response within the time prescribed]."

7. The USA's motion for leave to file instanter response was granted by entered January 28, 2008; Petitioner received notice of the order's entry by U.S. Mail on January 31, 2008.

Additional material facts may be set forth in the sections which follow.

Argument

THE ORDER GRANTING RESPONDENT'S MOTION TO FILE INSTANTER RESPONSE, AND DIRECTING PETITIONER TO FILE A REPLY THERETO BY A DATE CERTAIN, SHOULD BE VACATED BECAUSE REFLECTS CLEAR LEGAL ERROR AND FAILURE TO CORRECT THE ERROR WILL RESULT IN MANIFEST INJUSTICE.

A district court may vacate, alter or amend a judgment/order to correct errors of law. A.D. Weiss Lithograph v. Ill. Adhesive Products Co., 705 F2d 249, 250 (7th Cir. 1983).

It is beyond dispute that the Government's motion to file instanter response to Petitioner's § 2255 motion was docketed weeks after the deadline for responding set by order of the Court. Nor can it be disputed that by granting the motion to file instanter response, the Court effectively enlarged the time in which the Government was otherwise permitted to plead in opposition to granting the § 2255 motion.

"Where a party requests an extension of time after a filing deadline has passed, the court may grant the extension **only** where the failure to act was the result of excusable neglect." Cagle v. K-Five Construction Co., 954 FSupp 1267, 1269 (N.D.Ill. 1997) (emphasis added). "Excusable neglect has been interpreted as the missing of deadline because of such things as 'misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules.'" Id., quoting Prizevoits v. Indiana Bell Telephone Co., 76 F3d 132, 134 (7th Cir. 1996). "Put another way, excusable neglect means that a court will grant

relief to the party missing a deadline only where the actions leading to the default were not willful, careless, or negligent." Id. (internal quotes and citations omitted). Accord, Bleitner v. Welborn, 15 F3d 652, 654 (7th Cir. 1994); Wilkerson v. Jones, 211 FSupp2d 856 (E.D.Mich. 2002) (denying State's request for enlargement of time to respond to habeas corpus petition where warden did not establish that failure to file timely answer was due to excusable neglect, as required by FRCvP 6(b)(2)).

Implicit in the Court's order granting the Government's motion to file instanter response is a finding of exclusable neglect. However, the Government's motion was unsupported by affidavit or other competent evidence, and excusable neglect cannot be proven by unsworn allegations. Therefore, the Court committed legal error in granting the motion to file instanter response, since no evidence was presented that neglect in filing a timely response was excusable. But even if the allegations in the Government's motion to file instanter response were presented in a sworn affidavit they would not be sufficient to establish excusable neglect for enlargement of response time in the instant case because: (1) delay in answering the § 2255 motion prejudices Petitioner by delaying adjudication and the ultimate grant or the relief requested; (2) the failure to file a timely response to the § 2255 motion was not beyond the Government's control, as even if Assistant United States Attorney Netols was away from his office during "two holiday weeks," he could

have filed a timely motion for enlargement of time either before taking leave and falling "ill," or by having a colleague submit the motion, or by filing electronically from home; (3) in the absence of a more detailed explanation of the failure to file a timely response or motion for enlargement of time, it may be inferred that the motion to file instanter response was made in bad faith.  See <u>Wilkerson</u>, 211 FSupp2d at 858 ("In analyzing prejudice, the Court must assume that a Petitioner's constitutional claim is meritorious."); <u>Cagle</u>, supra (denying request for enlargement and striking filed after deadline without leave, upon finding that the movant's attorney's illness did not establish excusable neglect); <u>Pioneer Investment Services Co. v. Brunswick Associates L.P.</u>, 507 US 380 (1993).

    WHEREFORE, Petitioner prays the Court will grant the instant motion, vacate its January 28, 3008 order, deny and strike the Government's instanter response from the record, permit Petitioner to file additional procedural motions and pleadings up to and including March 29, 2008, then proceed to disposition of the proceedings without reference to or consideration of untimely pleadings of the Respondent.  Alternatively, the Court should stay further proceedings on the § 2255 motion and give the parties an opportunity to fully support and brief their respective positions regarding the propriety of granting the Government an enlargement of time to file a response to the § 2255 motion.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that statements of material fact in the foregoing motion are true and correct to the best of my knowledge, information and belief.

Respectfully submitted

February 4, 2008

*Edward Lee Jackson*
Edward Lee Jackson, Jr.
Reg. No. 07546-424
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501-1000

DECLARATION OF MAILING/CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February, 2008, I mailed the foregoing motion and a true copy thereof to, respectively:

Office of the Clerk
Untied States District Court
Northern District of Illinois
219 Dearborn Street
Chicago, IL 60604

Brian Netols
Assistant U.S. Attorney
219 Dearborn Street
Chicago, Il 60604

*Edward Lee Jackson*
Edward Lee Jackson, Jr.

-6-