

```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS          F I L E D
                      EASTERN DIVISION                 Mar 3, 2008
                                                       MAR  3 2008  MB
```

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA,            )
                                     )
        Respondent-Plaintiff,        )
                                     )
     -vs-                             )    Civil No. 1:07-cv-06409
                                     )    (Crim. No. 96-cr-815-1
EDWARD LEE JACKSON, JR.,             )    Judge Charles P. Kocoras
                                     )
        Petitioner-Defendant.        )

MOTION TO STAY PROCEEDINGS ON PETITIONER'S MOTION TO VACATE
SENTENCE UNDER 28 U.S.C. § 2255, OR ALTERNATIVELY, FOR
ENLARGEMENT OF TIME TO FILE A MEMORANDUM OF LAW IN REPLY TO
THE GOVERNMENT'S RESPONSE TO PETITIONER'S § 2255 MOTION

NOW COMES the Petitioner herein, Edward Lee Jackson, Jr., and respectfully requests this Honorable Court to enter an order staying further proceedings on the pending motion to vacate under 28 U.S.C. § 2255 and thereby give Petitioner an opportunity to review records of the case which have been withheld by former counsel and thus vindicate Petitioner's right to adequate, effective and meaningful collateral review of his conviction and sentence. Alternatively, Petitioner requests the Court to enter an order granting an enlargement of time, up to and including March 31, 2008, in which to file a memorandum of law in reply to the Government's Response to Defendant's Pro Se Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. In support of granting the relief requested in the instant motion, Petitioner refers the Court to the points and authorities set

forth below.

1. This case is before the Court on the pro se motion to vacate, set aside or correct sentence, filed by Petition on September 28, 2007, pursuant to 28 U.S.C. § 2255.

2. It is well settled in the Seventh Circuit that a prisoner's substantive constitutional rights of adequate, effective and meaningful access to the courts and equal protection of the law, invests an incarcerated and unrepresented person, who has pursued a direct appeal, with **an absolute personal right** to access pre-existing files and records of his/her case when the file and records are sought for the purpose of preparing and prosecuting a collateral attack on the person's conviciton or sentence, "[b]ecause [adequate, effective and meaningful court] access is impossible without a trial transcript." Rush v. United States, 559 F2d 455, 458-59 (7th Cir. 1977), quoting Bounds v. Smith, 430 US 817 (1977).

3. Both before and since his § 2255 motion was filed, Petitioner has made requests to former counsel, and this Court, for access to transcripts and other records of the case for the purpose of preparing and prosecuting a collateral attack.

4. Petitioner's first request to the Court for access to case records was denied without prejudice. A second reqeust for record access, filed January 29, 2007, and a supplement thereto, filed October 17, 2007, have yet to be addressed.

5. Former counsel, Kent R. Carlson, Esq., refused to

-2-

comply with Petitioner's several requests to turn over the case file/records provided for Carlson's use in preparing Petitioner's direct appeals, until he (Carlson) was contacted recently by the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois regarding the records.

6. On or about February 19, 2008, Mr. Carlson contacted Petitioner's Bureau of Prisons ("BOP") Counselor to communicate his intention and obtain approval to mail the case file to Petitioner in several boxes.

7. Petitioner anticipates he will receive his case file/ records sometime before March 10, 2008, based on information relayed through Petitioner's Counselor from Mr. Carlson.

8. In several of its decisions interpreting the Antiterrorism and Effective Death Penalty Act's provisions which serve to limit review of claims for postconviction relief in federal forums, the Supreme Court has demonstrated a reluctance to construe the amended statute(s) so as to deny "a habeas corpus petitioner or section 2255 movant at least 'one full bite'-- i.e., at least one meaningful opportunity for post-conviction review in a district court, court of appeals, and via certiorari, the Supreme Court." Federal Habeas Corpus Practice and Procedure 2001, Vol. 1 at 117 & n. 35, (citing Stewart v. Martinez-Villareal, 523 US 637 (1998); Hohn v. United States, 524 US 236 (1998); Slack v. McDaniel, 529 US 473 (2000)).

9. Implicit in the notion of "one full bite" in the

post-conviction review context is the "right" to a full and fair determination of every viable claim of entitlement to relief that is available to a prisoner under the law. In the interest of preserving this right, four Supreme Court Justices, and numerous lower courts, have recognized that application of equitable doctrines to AEDPA's statute of limitations--including the holding of a timely but deficient motion/petition in abeyance, and liberally granting prisoners opportunity to amend--is appropriate in situations in which strict application of the statute would produce an unjust coutcome. See Duncan v. Walker, 533 US 167 (2001) (Stevens J., concurring in part and concurring in the judgment, joined by Souter, J.); id, (Breyer, J., Dissenting, joined by Ginsburg, J. (commending Justice Stevens' "sound suggestion[] that district courts...employ equitable tolling... [to] ameliorate some of the unfairness of "AEDPA"."));  Sandvik v. United States, 177 F3d 1269, 1271-72 (11th Cir. 1999) (holding § 2255's period of limitations may be equitably tolled because of circumstances beyond prisoner's control); Calderon v. United States District Court, 128 F3d 1283, 1289 (9th Cir. 1997), cert. denied, 522 US 1099 (1998) (same); United States v. Contreras, 1998 WL317586, at 1 (10th Cir. 1998) (holding district court erred in denying § 2255 movant's request to stay proceedings); Parker v. Johnson, 988 F.Supp. 1474, 1476-77 (N.D.Ga. 1998) (holding petition in abeyance for 45 days to allow petitioner to to amend; United States v. Saro, 252 F3d 449 (D.C. Cir. 2001)

(recognizing that equitable tolling may be required where attorney failed to file post-conviction motion as promised); <u>Ellzey v. United States</u>, 324 F3 521 (7th Cir. 2003) (permitting amendment of § 2255 "placeholder" motion to include new claims and legal theories after expiration of limitations period).

10. In the case at bar, Petitioner's ability discover and effectively present/support viable claims for collateral relief, within the limitations period established under paragraph (1) of § 2255, has been prohibited by circumstances warranting an equitable remedy--i.e., former counsel's delays in providing case records.

11. The Court should grant Petitioner's request to stay proceedings on his § 2255 motion, pending his receipt of the promised case file and a reasonable opportunity for review of same, because failure to do so poses an unacceptable risk that Petitioner will be unfairly deprived of the "one full bite" to which he is entitled on collateral review of his conviction and sentence.

12. By granting the procedural treatment requested, ante, the Court will not only serve the interests of justice, but will also ensure conservation of judicial resources by reducing the liklihood of piecemeal litigation--i.e., any claim, the factual basis of which is derived from subsequent review of records that have been withheld, will likely be brought in a later § 2255 motion asserting timeliness under paragraphs

(2) and/or (4) of the statute's limitations clause.

13. By order of this Court entered December 6, 2007, the United States Attorney ("USA"), counsel for Respondent, was given until January 7, 2008, to answer or otherwise respond to Petitioner's § 2255 motion.

14. The USA failed to answer or repsond to the § 2255 motion within the time prescribed in the aforementioned order.

15. The USA also failed to file and serve a motion requesting the Court to grant an enlargement of time in which to answer or respond to the § 2255 motion, as required by rule, before expiration of the deadline set in the Court's order.

16. On January 17, 2008, Petitioner file a Motion for Judgment and Sanctions Against the United States for Failure to File a Response to Motion to Vacate Sentence Within Time Set By Court Order..

17. On January 22, 2008, the USA filed a Motion For Leave To File *Instanter* Response To Edward Lee Jackson's § 2255 Petition.

18. The Court did not render a decision on Petitioner's aforementioned motion for judgment and sanctions, but on January 28, 2008, the Court granted the United States' motion to file *instanter* response, and ordered Petitioner to file his reply to the Government's response, if any, by February 29, 2008.

19. On February 4, 2008, Petitioner filed a Motion to Alter or Amend the Court's January 28, 2008 order, wherein vacatur of the order and striking of the "Response" was requested.

A decision by the Court on Petitioner's Motion to Alter or Amend has not been rendered.

20. Petitioner has also filed a declaration in support of his § 2255 motion since the entry of the Court's January 28, 2008 order.

21. Petitioner wishes to file a memorandum of law in reply/opposition to the Government's response to the § 2255 motion. However, for the reasons set forth above and in Petitioner's Notice of Intent to File Declaration in Support of Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 and Request for Enlargement of Time to File Additional Pleadings, incorporated herein by reference, Petitioner cannot file his contemplated memorandum of law within the time set for reply in the Court's January 28, 2008 order.

22. By granting the USA's motion to file <u>instanter</u> response the Court effectively granted the Government an enlargement of time, beyond the deadline set by the Court's order, in which to plead in opposition to the § 2255 motion.

23. The Court has not previously granted a request by Petitioner for enlargement of time in this proceeding, or for any other relief.

24. Principles of fairness dictate that the enlargement of time requested in the instant motion be granted.

WHEREFORE, Petitioner prays the Court will grant this motion and enter an order staying proceedings on the pending § 2255

motion for 120 days to permit Petitioner an opportunity to permit review of the records of his case for the purpose of presenting and supporting all viable claims for relief in a collateral attack on his conviction and sentence. Alternatively, Petitioner requests the Court to grant the instant motion an enter an order enlarging the time in which he may file a memorandum of law in reply/opposition to the Government's response to the § 2255 motion.

I have deposited this motion with prison authorities for mailing to the Court Clerk, with first class postage prepaid, on this 26th day of February, 2008; this motion must therefore be deemed filed on this date. <u>Houston v. Lack</u>, 487 US 266 (1988).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Respectfully submitted,

*Edward Lee Jackson*
Edward Lee Jackson, Jr.
Reg. No. 07546-424
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501-1000

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2008, I mailed a copy of the foregoing motion, with first class postage prepaid and addressed to:

Brian Netols
Assistant U.S. Attorney
Northern District of Illinois
219 Dearborn Street
Chicago, IL 60604

*Edward Lee Jackson, Jr.*
Edward Lee Jackson, Jr.