UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 07 C 6409 |
| vs. | ) | |
| | ) | 96 CR 815 |
| EDWARD LEE JACKSON, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Edward Jackson ("Jackson") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied.

## **BACKGROUND**

Jackson is a former police officer who worked in the Austin district on the west side of Chicago. He and several of his fellow officers were investigated for narcotics trafficking. Jackson was accused of providing protection to drug dealers as well as regularly taking money and drugs from rival dealers during street stops or home searches. He was charged with conspiracy under the Hobbs Act, 18 U.S.C. § 1951(a); violation of the Hobbs Act, 18 U.S.C. § 1951(a); 18 U.S.C. § 924©; conspiracy to distribute controlled substance pursuant to 21 U.S.C. § 846; possession of controlled

substance with intent to distribute under 21 U.S.C. § 841; and Racketeer Influenced and Corrupt Organizations ("RICO") violations under 18 U.S.C. § 1961, *et seq*. The case was tried to a jury. The jury rendered a verdict of guilt on all counts, and Jackson was sentenced to a period of incarceration of 115 years, a fine of $25,000, and two years' supervised release.

Jackson appealed his conviction to the Seventh Circuit; he asserted that this court did not have jurisdiction under the Hobbs Act because the robberies did not create a substantial effect on interstate commerce. The Seventh Circuit held that the government need only show a *de minimis* effect on interstate commerce provided that the entity belongs to a class of businesses that, in the aggregate, has a substantial effect on interstate commerce. *United States v. Moore*, 363 F.3d 631, 636 (7th Cir. 2004). Jackson did not present the Seventh Circuit with the issue of the conflicted trial counsel or the confrontation clause problems he raises in his current motion.

After his conviction was affirmed, Jackson petitioned the Supreme Court for a writ of certiorari. In conjunction with the petition, he challenged his sentence as unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004). On January 24, 2005, the Supreme Court agreed with his position in light of its decision in *United States v. Booker*, 543 U.S. 220 (2005), and remanded the case to the Seventh Circuit for further consideration. After a limited remand to this court pursuant to *United States v.*

*Paladino*, 401 F.3d 471, 481 (7th Cir. 2005), we determined that Jackson would have received the same sentence even if the Sentencing Guidelines had been advisory at the time of the original sentencing. The Seventh Circuit then affirmed the sentence. Jackson again petitioned the Supreme Court for a writ of certiorari, which was denied on October 2, 2006. He then requested a rehearing, which was also denied on November 13, 2006.

Jackson then began filing a flurry of requests with this court seeking trial transcripts, grand jury testimony, motions filed in his criminal case, and various other court documents. These motions were denied without prejudice. After this court ruled against Jackson's motion to proceed in forma pauperis and for receipt of trial transcripts and other documents, Jackson filed a reply to the government's response. On June 14, 2007, this court denied any remaining requests Jackson alluded to in his unauthorized reply. In the fall of 2007, Jackson filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**LEGAL STANDARD**

Section 2255 permits a prisoner to ask the sentencing court to vacate, set aside, or correct a sentence after direct review is completed on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that "the court was without jurisdiction to impose such a sentence, or that the sentence was in

excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Such collateral relief is only available, however, where the sentence involved a jurisdictional or constitutional error or results in a complete miscarriage of justice. *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994). In evaluating a § 2255 petition, the district court must review the record and draw all reasonable inferences in favor of the government. *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992).

A district court need not reach the merits of an issue in a § 2255 proceeding unless it has been raised in a procedurally appropriate manner. *See Williams v. United States*, 805 F.2d 1301 (7th Cir. 1986). When a defendant fails to raise an available claim during direct review, the doctrine of procedural default normally will bar its consideration in a § 2255 motion. *Galbraith v. United States*, 313 F.3d 1001, 1006 (7th Cir. 2002). Such a motion is neither a recapitulation of nor a substitute for a direct appeal. *See McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). This general rule is subject to two exceptions: where a defendant can satisfy the "cause and prejudice" test of *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977), and where a defendant can show a fundamental miscarriage of justice. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

To proceed under the first exception, a defendant must show that the failure to present a given issue previously was the result of circumstances outside the defendant's control ("cause") and that the errors of which he complains created actual and substantial disadvantage, such that his entire trial was tainted with error of constitutional proportions ("prejudice"). *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *United States v. Frady*, 456 U.S. 152, 170 (1982). It is not enough for a defendant to make conclusory allegations of cause and prejudice; the burden can only be satisfied by a specific showing of their existence. *See, e.g., Norris v. United States*, 687 F.2d 899, 900-04 (7th Cir. 1982).

Under the second exception, if a defendant can show a fundamental miscarriage of justice that would result if his claims went unexamined, procedural default will not prevent a court from addressing the merits of a § 2255 motion. *See Sawyer*, 505 U.S. at 339. In this context, the phrase "fundamental miscarriage of justice" has been construed to apply only to situations in which a defendant can demonstrate that he is actually innocent of the crime of which he stands convicted. *See Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003). Furthermore, if a procedurally defaulted argument does not raise a constitutional issue, it is barred from collateral review. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717, 719-20 (7th Cir. 1994). However, questions of

ineffective assistance of counsel are generally exempt from procedural default. *Massaro v. United States*, 538 U.S. 500 (2003). With these principles in mind, we turn our attention to Jackson's motion.

## DISCUSSION

### I. Timeliness

As an initial matter, the government asserts that Jackson's motion is time-barred. If that position is correct, then we are without jurisdiction to consider Jackson's § 2255 motion. 28 U.S.C. § 2255 Pro. R. 3. A § 2255 motion must be filed within one year of the latest of four events specified in 28 U.S.C. § 2255(f). In Jackson's case, the applicable event was the date upon which the judgment of his conviction became final. 28 U.S.C. § 2255(f)(1). In cases where a prisoner petitions the Supreme Court for a writ of certiorari and the petition is denied, the conviction becomes final on the date that the petition is denied, regardless of any requests for rehearing of the petition. *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994). The Supreme Court denied Jackson's petition for writ of certiorari on October 2, 2006, making the judgment of his conviction final. His § 2255 motion was entered on the court's docket on November 13, 2007, more than one year later.

Jackson claims that his motion qualifies as being timely filed under the "prison mailbox rule." *See Houston v. Lack*, 487 U.S. 266 (1988). The "prison mailbox rule"

considers a prisoner's correspondence filed with the court on the date it is delivered into the prison mail system rather than the date it is received by the court. *Jones v. Bertrand*, 171 F.3d 499, 503 (7th Cir. 1999). Although records indicate the district court did not receive Jackson's motion until November 13, Jackson maintains in a sworn declaration that he deposited a copy of the motion with prison authorities on September 28. Rule 3(d) of the Rules Governing Section 2255 Proceedings Rule requires that timely filing must be shown by a sworn declaration complying with the requirements of 28 U.S.C. § 1746 or a notarized statement. Where any matter is required to be supported by a sworn declaration, like effect is given when the writing is subscribed by that person under penalty of perjury and dated. 28 U.S.C. § 1746. Jackson's declaration on February 21, 2008 states that he deposited his original § 2255 motion with authorities for mailing with first-class postage prepaid on September 28, 2007. Since the declaration complies with § 1746 and the government has supplied no challenge to Jackson's assertions within it, we accept that Jackson mailed his motion on September 28. The mailbox rule thus sets that date as the filing date of his motion regardless of the date it was received by the court. As a result, we hold that Jackson's motion was filed less than one year after his conviction became final, and therefore timely filed.

Jackson seeks to vacate his sentence on several grounds. First, he claims the government withheld potentially exculpatory evidence in violation of his Fifth Amendment right to due process of law. Next, he claims that being unable to cross-examine nontestifying informants violated his rights under the Confrontation Clause of the Sixth Amendment. Finally, he asserts that his trial and appellate attorneys rendered ineffective assistance in violation of the Sixth Amendment right to counsel.

As an additional threshold matter, Jackson contends that his ability to present facts in support of his first and second grounds has been hindered by lack of access to case records. Jackson requests that the instant motion be treated as a "placeholder," with additional factual support to be added in an amendment at a later time once he has been able to obtain and review the records to which he seeks access. For purposes of this motion, however, Rule 2(d) of the Rules Governing Section 2255 Proceedings states that a petitioner's motion must specify all grounds for relief available. Under Rule 12, to the extent they are not inconsistent with the Rules Governing Section 2255 Proceedings, the Federal Rules of Civil Procedure are made applicable to § 2255 motions. 28 U.S.C. § 2255 Pro. R. 12.

The court interprets the "placehold" mechanism Jackson is seeking to employ to be similar in form to the relation-back doctrine of Fed. R. Civ. P. 15(c)(2). Under Rule 15(c)(2), amendments to a timely pleading made outside a statute of limitations relate

back to the date of the original pleading if the original and amended pleadings arise out of the same occurrence. Although Rule 15(c)(2) freely permits amendments after a responsive pleading has been filed, Rule 15(a) gives district courts ample power to deny leave to amend where justice so requires. In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress imposed a fixed one-year limitation for collateral attacks in federal court on judgments of conviction. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Congress intended this limitation period to advance the finality of criminal convictions. *Id.* at 662. Jackson failed to amend his petition to include any supporting factual evidence before the government responded to his motion. Had Jackson amended the motion to specify the contents in the earlier investigation, then we could have considered a more developed argument. Since Jackson did not amend before the government's response, this court has discretion to permit Jackson leave to amend his motion to include specific facts in support of his *Brady* claim. In light of the AEDPA's strict pleading rules regarding a prisoner's petition to vacate or set aside a sentence, we find that Jackson's motion cannot be used as "placeholder" that would interfere with Congress' intent in the finality of judgments by allowing an end-run around the one-year statute of limitation. Accordingly, we consider the motion only in its current state and will not treat it as a placeholder for a hypothetical, more fully developed position to be presented at an unspecified later date.

## II. Ground One: Disclosure of Evidence

Jackson first asserts that material evidence was withheld from his defense in violation of the Fifth Amendment Due Process Clause. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). He contends that the investigation began earlier than represented at trial and that undisclosed evidence affords him an opportunity to vacate his sentence. Jackson specifically argues that the Federal Bureau of Investigation ("FBI") commenced its investigation over two years before the date the government represented at trial the investigation began; he suspects that the suppressed evidence will establish that the government's case took so long that it ultimately used informants to entrap him. At issue is whether the existence of evidence regarding the effects of a longer investigation is enough to establish a reasonable probability that the outcome of the proceeding would have been different.

Beyond the earlier commencement of the investigation, Jackson's § 2255 motion does not identify specific facts he claims would prove exculpatory and instead requests more time to review the records and discover facts. If there is a reasonable probability that the result of the proceeding would have been different had the defendant known of the undisclosed matters, those matters are deemed material and constitutional error results. *Kyles v. Whitley*, 514 U.S. 419 (1995). A reasonable probability is a sufficient probability to undermine confidence in the outcome. *United States v. Guerrero*, 894

F.2d 261, 268 (7th Cir. 1990). However, the materiality standard is not met by "the mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial." *United States v. Hamilton*, 107 F.3d 499, 509 (7th Cir. 1997).

With regard to the unspecified contents of the investigation prior to Jackson's indictment in November 1995, he claims that the records speak for itself. He contends that the FBI engaged in a lengthy investigation that proved fruitless for over two years. He believes, and would have argued at trial, that the FBI lost patience and eventually framed him with the aid of informants. Since the indictment did not charge him with a crime before the fall of 1995, Jackson maintains the government deprived him of due process under the Fifth Amendment. He argues the undisclosed information alone may have impacted the jury in his favor. Without specificity, Jackson's assertions only speculate that the suppressed information would have aided his defense. The jury could just as easily have ignored Jackson's potential defense. *See Hamilton*, 107 F.3d at 509. As such, Jackson's § 2255 motion is denied on this ground as failing to establish a constitutional deprivation.

### III. Ground Two: Confrontation Clause

Jackson's next ground for § 2255 asserts that he was not permitted to cross-examine nontestifying informants and police officers during trial and that his lack of

access to these persons in the courtroom violated his rights under the Confrontation Clause of the Sixth Amendment. A § 2255 motion is not a substitute for a direct appeal. *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). Following Jackson's conviction and sentence, he had the opportunity to directly appeal issues included in the trial record. A district court may not reach the merits of an appealable issue in a § 2255 proceeding unless the issue was raised in a procedurally appropriate manner. *See Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989). Because Jackson did not argue this position before the Seventh Circuit, it is procedurally defaulted. However, procedural default can be excused upon a showing of good cause and actual prejudice or by showing that denial of relief would result in a miscarriage of justice. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Jackson charges that his failure to raise the issue was the product of ineffective assistance from his appellate counsel. Ineffective assistance of appellate counsel may itself establish a cause for failure to present claims of ineffective assistance of trial counsel. *Barnhill v. Flannigan*, 42 F.3d 1074, 1078 (7th Cir. 1994).

Petitioners seeking relief under a theory of ineffective assistance of counsel must show (1) that defense counsel's performance fell below the objective standards of reasonableness; and (2) that had trial counsel performed reasonably, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish

deficient performance, a defendant must identify acts or omissions by counsel that fell below the threshold of acceptable professional norms. *Id.* at 690. If the defendant can make a proper showing, then the court considers whether there is a reasonable probability that the attorney's errors so negatively impacted the ultimate judgment against the defendant that they prejudiced the outcome. *Id.* at 694. Our analysis for a claim of ineffective assistance of appellate counsel mirrors the two-pronged test outlined in *Strickland*. *Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008). Assuming, *arguendo*, that appellate counsel was deficient by failing to raise the Confrontation Clause in Jackson's direct appeal, the critical factor to consider is whether that deficiency prejudiced the outcome of the appeal. During Jackson's trial, the government offered audio and video recordings of informants Myron Robinson and Daron Council into evidence; the recordings consisted of Jackson and his coconspirators planning, committing, and/or reminiscing about the crimes charged against them. The statements contained in these particular audio and video recordings were not used in the government's case against Jackson. Furthermore, the trial court instructed the jury that these particular recordings were admissible only as to one of Jackson's codefendants.

On appeal, Jackson's counsel argued, on jurisdictional grounds, that the case should be reversed because the government failed to prove facts establishing a substantial effect on interstate commerce. Jackson's contention that his Sixth

Amendment right to a fair trial was violated was not necessarily an appropriate ground for appeal given that neither informant testified. His claim that counsel should have raised a weaker argument that would have had a lesser impact on the case as a whole is problematic. Further, Jackson has not established that the witnesses could have offered useful testimony for his defense. Thus, Jackson does not meet the initial burden of showing his appellate counsel's representation prejudiced his direct appeal.

Although appellate counsel may have overlooked a potential ground for appeal, this argument was unlikely to pass muster because the informants did not testify against Jackson. Therefore, his Sixth Amendment right to confront his accuser was not violated and therefore did not prejudice Jackson within the meaning of *Prewitt*. Since appellate counsel's failure to raise this issue did not prejudice Jackson, the court finds that the issue is procedurally defaulted for § 2255 purposes.

**IV. Ground Three: Ineffective Assistance of Trial Counsel**

Jackson next contends that his trial counsel was constitutionally ineffective. Ineffective assistance of counsel claims may be brought in a collateral proceeding under § 2255 regardless of whether the petitioner could have brought the claim on direct appeal. *Massaro*, 538 U.S. at 508-09. In his motion, Jackson points to several perceived shortcomings: trial counsel labored under a conflict of interest; failed to object to the exclusion of key witnesses' testimony; failed to object to the introduction

of audio or video tapes with respect to the nontestifying informants; and failed to withdraw due to inadequate representation.

First, Jackson asserts that his trial counsel rendered deficient performance by virtue of a conflict of interest with Jackson's codefendant in a related case. Although this issue was brought to the court's attention during Jackson's trial and no conflict was found, we will nevertheless evaluate it and Jackson's other issues under *Strickland*. During the trial, Jackson's counsel alerted the court that she was potentially under investigation for attempting to influence the testimony of a witness. The trial judge held a hearing on the issue of conflict and found that Jackson's counsel was not under any investigation. Since the court determined that Jackson's counsel was not under investigation, it found that there was no conflict.

To demonstrate ineffective assistance of counsel when a conflict is at issue, a defendant needs to establish actual conflict of interest that adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). The record reflects that the allegation of an investigation temporarily affected Jackson's trial counsel on the day that the issue came to light and that she expressed concern that it may cause her to inadequately represent Jackson. However, those issues were addressed and resolved in the hearing and Jackson did not thereafter challenge counsel's ability to represent him at trial. When there exists the potential for unconstitutional

representation, a defendant should make a timely objection to protect his interest in a fair trial. *Id.* at 347. Viewing trial counsel's representation of Jackson objectively, we find that she upheld professional standards of conduct by bringing the issue to the court's attention and engaging in a hearing to address the issue. Jackson's contention that a potential conflict of interest continued is without support and does not establish any compromise of his Sixth Amendment right to effective assistance from his trial counsel. Jackson further avers that trial counsel should have withdrawn due to her prior relationships to Anthony Buchanan and Terry Young; Buchanan testified against Jackson and Young was a codefendant. However, since Jackson's counsel acted in accordance with professional norms and Jackson raised no contemporaneous objection to her continued involvement in the case, there was no ground for counsel to withdraw.

Next, Jackson argues that his trial counsel's failure to object to a witness at trial along with failing to object to the introduction of various audio and video tapes without the opportunity to cross-examine the participants constitutes ineffective assistance. A defendant claiming ineffective assistance must overcome a strong presumption that his lawyer's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690. There was an overwhelming amount of evidence in this case used to convict Jackson. Trial counsel need not pursue every conceivable avenue or relief; counsel can be selective and decline to pursue a legal strategy unsupported by

the law. *United States v. Davenport*, 986 F.2d 1047, 1049 (7th Cir. 1993). The government did not call the informants at trial. Trial counsel's failure to object to not being afforded the opportunity to cross examine the informants was not fundamentally unsound. Defense counsel's decision not to call a witness is a tactical choice that is not subject to review. *Cartee v. Nix*, 803 F.3d 296, 303 (7th Cir. 1986). The decision not to call the informants as witnesses was well within trial counsel's discretion. Accordingly, Jackson's motion is denied on this ground.

Jackson challenges ineffective assistance of appellate counsel in Ground IV of his motion. The court addressed this issue above and determined that Jackson failed to meet the cause and prejudice standard applicable to bypassing the procedural default rule.

## CONCLUSION

Based on the foregoing, Jackson's § 2255 motion is denied.

Charles P. Kocoras
United States District Judge

Dated: November 4, 2008