UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent-Plaintiff, | ) ) ) | |
| vs. | ) | 07 C 6409 |
| EDWARD LEE JACKSON, JR., | ) ) ) | |
| Petitioner-Defendant. | ) ) | |

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the application of Petitioner Edward Jackson ("Jackson") for a certificate of appealability for the court's order of November 4, 2008, which summarily dismissed his petition to set aside his sentence pursuant to 28 U.S.C. § 2255. Jackson has filed a notice of appeal, but appellate proceedings cannot commence without a certificate of appealability either from this court or a circuit judge of the Court of Appeals. 28 U.S.C. § 2253(c)(1)(B); *see also* Fed. R. App. P. 22(b). For the following reasons, the certificate of appealability is denied.

### BACKGROUND

Jackson is a former police officer who was arrested and convicted for narcotics trafficking; he was sentenced to a term of confinement of 115 years, a fine of $25,000, and two years' supervised release. He recently filed a motion to set aside or vacate his

sentence under 28 U.S.C. § 2255, which the court denied on November 4, 2008. The thrust of Jackson's § 2255 motion was that the government withheld potentially exculpatory evidence. He also asserted that he was not permitted to cross-examine nontestifying informants and contended that his trial and appellate counsel denied him effective assistance. Jackson now brings the instant notice of appeal and requests that the court grant a certificate of appealability on primarily the same grounds we rejected in the § 2255 motion.

## LEGAL STANDARD

Jackson's application for a certificate of appealability is governed by 28 U.S.C. § 2253, which provides him with a limited right of appeal from a district court's final order in any proceeding under § 2255. Section 2253(c)(1) requires that a defendant obtain a certificate of appealability before appealing the district judge's final order, and section (c)(2) permits issuance of a certificate of appealability only when the applicant has made a "substantial showing of the denial of a constitutional right." A "substantial showing" means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

# DISCUSSION

In his application for a certificate of appealability, Jackson restates the allegations contained in the grounds stated in support of his § 2255 motion. According to Jackson, the court erred in denying his *Brady* claim because there is a reasonable probability that the suppressed evidence would have undermined the jury's verdict. In holding that Jackson failed to meet the materiality standard required to prevail under *Brady*, we described Jackson's bare assertions, without specificity, as mere speculation.

Jackson argues no basis sufficient to warrant a certificate of appealability. Instead, he offers a recitation of the standard of proof required when considering these types of requests without offering any substantive reasons. Nevertheless, he contends that reasonable jurists could debate whether our decision that he was not entitled to § 2255 relief without an evidentiary hearing. Jackson perceives that he is entitled to a hearing because he believes the prosecution elicited testimony from government witnesses who either lied or misrepresented the truth about when the investigation commenced. The testimony at trial supported the fact that the investigation began in 1995; however, Jackson contends that the government's inquiry started in 1993. We denied Jackson's § 2255 motion on the basis that he failed to supply any facts that exculpatory evidence was suppressed. The certificate of appealability is denied on the first two grounds.

Next, Jackson asserts that his trial counsel's representation was ineffective by virtue of potential conflicts of interest that may have arose during his trial. He claims that his defense counsel was belabored by two conflicts: a prior attorney-client relationship with a government witness who testified against Jackson and an investigation for obstruction of justice. He contends that the trial court did not adequately inquire as to whether these potential conflicts affected his trial counsel's ability to effectively represent him. In short, Jackson describes what he perceives to be a court-wide scheme designed to prevent him from receiving effective assistance of counsel at trial. Moreover, his trial counsel informed the court that the impending investigation could jeopardize her abilities to adequately represent him. However, after a hearing to determine whether the allegations contained in the investigation undermined her representation of Jackson in any way, the trial court ruled that it did not.

As we articulated in his § 2255 order, it is settled law that a defendant should make a timely objection when he believes that defense counsel is conflicted. Jackson's failure to do so with respect to the communications between Terry Young and his trial counsel defeat this renewed assertion. Therefore, there is no basis on which Jackson can proceed further with this position.

The remaining portions of Jackson's certificate of appealability (Grounds IV and V) require the court to evaluate additional reasons that were not raised in his § 2255 motion. As these contentions fall outside the purview of the our review, we decline to address them. Accordingly, Jackson's certificate of appealability is denied.

**CONCLUSION**

Jackson's certificate of appealability is denied.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated:  February 12, 2009